KENNON, Judge.
Plaintiff, alleging, that he was totally and permanently disabled while working as an employee of defendant, Henry H. McCart, who in turn was cutting logs and working for defendant, Belton Blewer, who carried a workman’s compensation policy issued by the defendant, Mutual Benefit Health & Accident Association, to the extent of $10.00 per week, not to exceed two hundred fifty weeks, filed this suit seeking a judgment in compensation against all three defendants.
Developments in the case have made it unnecessary to discuss an alternative demand made against the defendant insurance company.
After preliminary pleas, covering matters no longer at issue between the parties, were disposed of and an exception of no cause or right of action was referred to the merits, an original and' supplemental answer was filed by defendants McCart and the Mutual Benefit Health & Accident Association, which amounted to a general denial -of plaintiff’s demands. The answer filed by defendant Blewer, inadvertently omitted from the transcript, was filed in this Court with proper stipulation of counsel. In that answer defendant Blewer admitted that he did have a contract with Mc-Cart whereby McCart cut and hauled certain logs for him, and that McCart had a policy of insurance for the protection of McCart’s own employees, and set forth that he, Blewer, had paid $105.00 to Dr. L. S.Pluckabay of Cousnatta on account of treatment given to plaintiff, which payment was made without any admission of liability. The answer prayed that in the event judgment should be rendered against Blew-er, judgment be rendered for the same amount, plus the amount paid Dr. Hucka-bay, in favor of Blewer and against his codefendants McCart and the Mutual Benefit Health & Accident Association of Nebraska.
The District 'Court rendered judgment in favor of plaintiff and against defendants Blewer and McCart, in solido, for thirty weeks compensation at $20.31 per week, reserving to McCart his recourse under the terms of his policy with the Mutual Benefit Health & Accident Association. Orders for devolutive and suspen-sive appeal were granted to defendants. A devolutive appeal was taken by plaintiff. Defendant Blewer perfected a suspensive appeal. Defendants McCart and the Mutual Benefit Health & Accident Association filed an asnwer in this Court to plaintiff’s devolutive appeal, asking that the judgment of the trial court be amended so as to dismiss plaintiff’s suit as against the Mutual Benefit Health & Accident Association and so as to eliminate from the decree the reservation of McCart’s rights against the Mutual Benefit Health & Accident Association, and further that the award of compensation be reduced to six weeks at $16.25 per week.
Plaintiff filed an answer to the suspen-sive appeal, asking that compensation be awarded for four hundred weeks at $30.00 per week, as originally prayed for.
*99 During September, 1948, Belton Blewer was operating a small sawmill. Several individuals, including defendant McCart, were delivering timber, principally crosstie cuts, to this mill. On the 29th day of that month, plaintiff was injured by a falling tree limb while in the course of this employment with McCart. Except for the special defense relative to the nature of a policy contract between McCart and the Mutual Benefit Health & Accident Association, the issues before this Court are the extent and duration of plaintiff's injury and the amount of his weekly wages.
After plaintiff was struck by the falling limb on September 29, 1948, he was carried to Dr. Huckabay’s clinic in Coushatta, Louisiana, where he remained for eleven days under treatment of Dr. L. S. Hucka-bay, who found that plaintiff had suffered a fracture of the processes of the second and third lumbar vertebrae. One of these fractured processes was still unhealed when a second X-ray was made by Dr. Huckabay on March 4, 1949. Dr. Hucka-bay last examined plaintiff on September 4, 1949, and considered him to be still disabled as the result of his September, 1948 injury.
Defendants introduced the testimony of Dr. Milton Honigman, who examined plaintiff on May 30, 1949. He stated that plaintiff gave him a history of a twelve year old injury to his right knee, and that he found evidence of an osteomyelitis of the right leg and thigh, along with an ankylosis or stiffening of the right knee. He noted the presence of a still unhealed fracture of the processes of the second vertebra in an X-ray picture made in March, 1949, and testified with reference to plaintiff’s condition in March, “according to the fracture — it showed he still had some disability.” He further testified that, according to the X-rays made in May, 1949, he considered plaintiff capable at that time of performing the same type of work he was performing just prior to the injury to the vertebrae sustained in September, 1948. He added that plaintiff was a poor candidate for work prior to the injury because of the existence of the osteomyelitis and ankylosis of the right knee, and the evidence of kidney stones in both kidney areas.
Dr. Daniel M. Kingsley, introduced by defendants, gave plaintiff a detailed and thorough examination in May, 1949. He considered that plaintiff had at that time recovered completely from the effects of the September, 1948 injury. Dr. Kingsley’s opinion was that plaintiff’s 1948 injury should have been disabling for perhaps a month. He testified that he could not recommend plaintiff for work, but thought the trouble was due ■ to the long existing condition of his right leg and kidneys.
Dr. John T. Mosley examined plaintiff at the request of defendants. He did not testify as to the date of his examination, except that it was after suit was filed (April 27, 1949). He made X-ray pictures and concluded that plaintiff was suffering from no disability as the result of the September, 1948 injury. He thought that the injuries sustained by plaintiff were such as to be normally disabling for a period of thirty days.
Plaintiff himself admitted that he had suffered with osteomyelitis of the right leg and ankylosis of that knee for many years prior to the beginning of his employment with defendant. For some twelve or thirteen years, he had been considered by the Welfare Department to be disabled. At the time of the trial, he was drawing welfare benefits of $93.00 per month.
Our appreciation of the testimony is that plaintiff has not established his disability beyond March 4, 1949, and that, therefore, the judgment for thirty weeks compensation (to April 30, 1949) should be reduced to twenty-two weeks.
Plaintiff testified that he and his partner cutting crossties received wages for two days totaling $20.00, but in explanation, said that he meant they each received $20.00 for the two days. He testified that they did not work all day, working for a time in the morning and again in the late afternoon. The record supports the award *100 made plaintiff by the District Court, based on its finding that the average earnings for one engaged as plaintiff was amounted to $6.25 per day, or $31.25 for a five day week.
The record shows that defendant McCart agreed to carry his own compensation insurance and that he is primarily responsible for the compensation awarded plaintiff. Consequently, Blewer’s alternative prayer for judgment against McCart should be granted.
The policy of insurance issued by the defendant, Mutual Benefit Health & Accident Association, was not introduced in evidence, nor was other proof offered tending to establish its liability. Hence, no judgment could be rendered in this suit against this defendant.
We have deemed it best to recast the judgment. In order to do so, the judgment ajppealed from is hereby set aside and judgment is now rendered in favor of the plaintiff, Watkins Bradley, and against the defendants, Belton Blewer and Henry H. McCart, in solido, in the amount of $20.31 per week for a period of twenty-two weeks, beginning September 29, 1948, with five per cent interest on each payment from the date due until paid. 'Judgment is further rendered in favor of Belton Blewer and against Henry H. McCart for the amount herein awarded to plaintiff and for the amount of costs expended by Blewer, both with interest at five per cent per an-num from .the date of payments. Judgment is further rendered in favor of Bel-ton Blewer and against Henry H. McCart in the sum of $105.00, with interest from November 22, 1949.
The demands of defendants Belton Blew-er and Henry H.. McCart as against the Mutual Benefit Health &. Accident Association are dismissed as of nonsuit, without prejudice.
Costs of appeal to be borne by plaintiff; defendants Belton Blewer and Henry H. McCart are cast, in solido, for the remaining costs.